EHRLICH, Justice,
concurring in part and dissenting in part.
I dissent as to discipline.
The bar’s complaint charged respondent with violation of the Disciplinary Rule prohibiting the commingling of trust funds, the Rule relating to trust accounting procedures, and the Rule requiring the preparation of quarterly trust accounting reconciliations. Respondent submitted a guilty plea.
The audit revealed shortages in the trust account for three of the twelve months covered by the audit report resulting in the use of the funds of one client for another client’s benefit, and overages for nine of the twelve months covered by the audit report, constituting commingling of trust funds with an attorney’s own funds, and dispersing on uncollected funds.
The majority proceeds on the premise that Rule 4.13 of the American Bar Association’s Standards for Imposing Lawyer Sanctions (1986) applies. I disagree. The referee did not find negligence, the majority’s statement to the contrary notwithstanding. I am of the opinion that the referee’s findings of fact comport with Rule 4.12, because the referee found
The commingling of personal and clients’ funds was not an isolated situation but was either done for convenience or neglect of the attorney’s duty to comply with the trust accounting rules, which are designed to assure clients of strict accountability for all funds entrusted to an attorney.
(Emphasis supplied).
Accordingly, I would suspend respondent for a period of thirty days and accept the referee’s recommendation of probation for a period of three years.